UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DIMITRI J. POWELL,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 3:26-cv-05097-TL

ORDER ON MOTION TO APPOINT COUNSEL

This is a federal habeas action filed under 28 U.S.C. § 2255. Petitioner has filed a Motion to Vacate, Set Aside, or Correct a Sentence. Dkt. No. 1. Pursuant to 18 U.S.C. § 3006A, "Whenever the . . . court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255[.]" 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER ON MOTION TO APPOINT COUNSEL – 1

Here, as to success on the merits, Petitioner asserts that his trial counsel "admits to being ineffective & stated he's willing to take responsibility." Dkt. No. 1 at 12. Petitioner outlines a plausible claim for ineffective assistance of counsel. Specifically, Petitioner's counsel's admitted to an error that led to a procedural default. *See* Dkt. No. 1-1 at 3. As to ability to articulate claims, Petitioner raises an issue with the calculation of his sentence under sentencing guidelines. *See* Dkt. No. 1 at 3. The federal sentencing guidelines can be complex and difficult to navigate, even for qualified attorneys. *See United States v. Ray*, 930 F.2d 1368, 1374 (9th Cir. 1990) (Kozinski, J., dissenting) ("Who knows how many . . . possibilities for confusion lurk in the nooks and crannies of our sentencing law. The Sentencing Guidelines are complicated enough.").

Therefore, having considered Petitioner's motion, his financial eligibility (Dkt. No. 1-2), and the balance of the record, the Court ORDERS as follows:

(1)    Petitioner's request for appointment of counsel is GRANTED.

(2)    The Court APPOINTS the Federal Public Defender to represent Petitioner in these proceedings.

(3)    The Clerk is DIRECTED to send copies of this Order to Petitioner, to the Federal Public Defender, and to counsel for Respondents.

Dated this 15th day of April, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION TO APPOINT COUNSEL – 2