UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIMITRI J. POWELL,

                    Petitioner,

         v.

UNITED STATES OF AMERICA,

                    Respondent.

CASE NO. 3:26-cv-05097-TL

ORDER ON MOTION TO COMPEL BUREAU OF PRISONS TO RETAIN PETITIONER AT FDC SEATAC

This matter came before the Court on Petitioner's Motion to Compel Bureau of Prisons to Retain the Petitioner at FDC SeaTac. Dkt. No. 7. Having considered the motion, Respondent's response (Dkt. No. 11), Petitioner's reply (Dkt. No. 12), and the relevant record, the Court DENIES Petitioner's motion.

Petitioner was sentenced to a prison term of 15 months after having his supervised release revoked and is presently at FDC SeaTac awaiting designation to another Bureau of Prisons ("BOP") facility. Dkt. No. 7 at 2. He has filed a motion challenging his sentence to 28 U.S.C. § 2255 because he alleges that his former counsel was ineffective in failing to make a proper

ORDER ON MOTION TO COMPEL BUREAU OF PRISONS TO RETAIN PETITIONER AT FDC SEATAC – 1

challenge to the District Court's reliance on unconstitutional prior convictions in determining his advisory Guideline range. *See generally* Dkt. No. 1; Dkt. No. 7 at 2. The instant motion requests the Court issue an order directing the Bureau of Prisons to retain him at FDC SeaTac while his 28 USC § 2255 motion is pending. Dkt. No. 7 at 1.

The All Writs Act, 28 U.S. Code § 1651(a), provides that a district court "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Respondent argues that The First Step Act, 18 U.S.C. § 3621, contains a "jurisdiction stripping provision" regarding court review of BOP designations. Dkt. No. 11 at 2 (quoting *Ahmad v. Jacquez*, 869 Fed.Appx. 459, 461 (9th Cir. 2021)). The Court agrees with Petitioner that *Ahmad* is neither controlling nor applicable. *See* Dkt. No. 12 at 3–4.

However, the Court also does not find that Petitioner establishes exceptional circumstances to compel that he remain in the district pending the resolution of his motion. *See* Dkt. No. 12 at 2. First, the issue Petitioner seeks to raise with regard to the reliance by the sentencing judge on unconstitutional prior convictions in determining his advisory Guideline range is largely a legal one. Second, Petitioner attached as an exhibit to his motion a letter from his former counsel admitting ineffective assistance of counsel and indicating a clear willingness to assist in correcting his error. Dkt. No. 1-1 at 3. Finally, should the Court believe a hearing on the motion is necessary, it can issue a writ at that time for the return of Petitioner to this District. *See* Dkt. No. 7 at 2, Dkt. No. 11 at 2.

For these reasons, the Court DENIES Petitioner's Motion to Compel.

Dated this 30th day of April, 2026.

Tana Lin
United States District Judge

– 2